H. Dickson Burton
Krista Weber Powell
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT 84110
Telephone:  (801) 532-1922

Attorneys for Plaintiff
dōTERRA Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DŌTERRA HOLDINGS, LLC**, a Utah limited liability company, | **COMPLAINT** |
| Plaintiff, | Case No. 2:16cv01231-EJF |
| v. | Magistrate Judge Evelyn J. Furse |
| **NATURAL  ESSENTIALS, INC.** an Ohio corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff dōTERRA Holdings, LLC ("dōTERRA") complains against Defendant Natural

Essentials, Inc. ("Natural Essentials"), and alleges as follows:

## PARTIES

1.      Plaintiff dōTERRA is a Utah limited liability company with its principal place of business at 389 South 1300 West Pleasant Grove, UT 84062.

2.      Upon information and belief, Defendant Natural Essentials, is an Ohio corporation with a principal place of business at 125 Lena Dr., Aurora, Ohio 44202 and does business as Bulk Apothecary and Nature's Oils.

## JURISDICTION AND VENUE

3.      This Court has both federal question and diversity jurisdiction over this matter.

4.      This is a civil action for trademark infringement, false advertising, and unfair competition under the Lanham Act and Utah Code Annotated, common law trademark infringement, and violation of the Utah Truth in Advertising Act.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a) and 28 U.S.C. §1121.

5.      This Court also has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

6.      This Court has supplemental jurisdiction over dōTERRA's state law claims under 28 U.S.C. §1367(a) because those claims arise from the same facts alleged in dōTERRA's federal claims.

7.      This Court has personal jurisdiction over Natural Essentials pursuant to U.C.A. §78-27-24 because, upon information and belief, Natural Essentials markets its goods using numerous dōTERRA trademarks, or confusingly similar marks, throughout the United States,

2

including in Utah, by, among other means, promoting and advertising its services on the Internet. Thus, Natural Essentials has caused damage to dōTERRA in this district.

8.      Venue is proper pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

9.      dōTERRA began offering essential oils in 2008 throughout the United States. dōTERRA's products are sold through independent distributors. Currently, dōTERRA has over three million distributors worldwide.

10.     dōTERRA places a high value on the quality of its essential oil products. dōTERRA partners with responsible artisans around the world to grow high quality plants. Similarly, dōTERRA partners with skilled distillers and scientists to ensure its essential oils are of supreme quality.

11.     dōTERRA sells a variety of individual essential oils and essential oil blends.

12.     dōTERRA is the owner of U.S. Trademark Registration No. 3641123 filed January 25, 2008 for the mark DŌTERRA for use with a variety of goods including essential oils. A copy of the DŌTERRA registration is attached hereto as Exhibit 1.

13.     dōTERRA is the owner of U.S. Trademark Registration No. 3806204 for the mark DŌTERRA ON GUARD filed October 12, 2009 for use with a variety of goods including essential oils. A copy of the DŌTERRA ON GUARD registration is attached hereto as Exhibit 2.

14.     dōTERRA is the owner of U.S. Trademark Registration No. 3802079 for the mark AROMATOUCH filed June 2, 2009 for use with a variety of goods including essential oils.  A copy of the AROMATOUCH registration is attached hereto as Exhibit 3.

3

15.     dōTERRA is the owner of U.S. Trademark Registration No. 3617243 for the mark DEEP BLUE filed March 31, 2008 for use with a variety of goods including essential oils.  A copy of the DEEP BLUE registration is attached hereto as Exhibit 4.

16.     The DŌTERRA, DŌTERRA ON GUARD, AROMATOUCH and DEEP BLUE trademarks have achieved incontestable status pursuant to 15 U.S.C. §1065.

17.     dōTERRA is the owner of U.S. Trademark Registration No. 4864382 for the mark DŌTERRA BREATHE filed November 6, 2014 for use with a variety of goods including essential oils.  A copy of the DŌTERRA BREATHE registration is attached hereto as Exhibit 5.

18.     dōTERRA is the owner of U.S. Trademark Registration No. 4760280 for the mark DŌTERRA SERENITY filed November 6, 2014 for use with a variety of goods including essential oils.  A copy of the DŌTERRA SERENITY registration is attached hereto as Exhibit 6.

19.     dōTERRA is the owner of U.S. Trademark Registration No. 4887868 for the mark WHISPER filed November 19, 2014 for use with a variety of goods including essential oils.  A copy of the WHISPER registration is attached hereto as Exhibit 7.

20.     dōTERRA has continuously used the trademarks DŌTERRA, DŌTERRA ON GUARD, AROMATOUCH, DEEP BLUE, DŌTERRA BREATHE, DŌTERRA SERENITY and WHISPER in the United States in association with its goods since 2008.

21.     dōTERRA is the owner of U.S. Trademark Registration No. 4000245 for the mark PASTTENSE filed September 22, 2009 for use with a variety of goods including essential oils. A copy of the PASTTENSE registration is attached hereto as Exhibit 8.

22.     dōTERRA has continuously used the trademark PASTTENSE in the United States in association with its goods since 2009. The DŌTERRA, DŌTERRA ON GUARD,

AROMATOUCH, DEEP BLUE, DŌTERRA BREATHE, DŌTERRA SERENITY, WHISPER and PASTTENSE marks are collectively referred to as "the dōTERRA Registered Marks".

23.    dōTERRA has also developed common law trademark rights in the marks listed above through its continuous use of the marks.

24.    dōTERRA has also developed common law rights through use of at least the marks BREATHE, SERENITY, DIGEST ZEN, ELEVATION, HOLIDAY JOY, and IMMORTELLE, for essential oils and related goods.

25.    dōTERRA's DŌTERRA, DŌTERRA ON GUARD, AROMATOUCH, DEEP BLUE, DŌTERRA BREATHE, DŌTERRA SERENITY, WHISPER, PASTTENSE, BREATHE, SERENITY, DIGESTZEN, ELEVATION, HOLIDAY JOY, and IMMORTELLE, marks referenced above are referred to collectively as "the dōTERRA Marks".

26.    Since the inception of their use, the dōTERRA Marks has been used by dōTERRA only in connection with the provision of the highest quality goods.

27.    The dōTERRA Marks are prominently displayed throughout dōTERRA's website, on its goods and in advertising materials.

28.    dōTERRA has extensively used the dōTERRA Marks in the United States in connection with its goods and services.  dōTERRA has made significant efforts to advertise, market and promote DŌTERRA in the United States and, as a result, the mark has become well recognized by consumers as distinctive symbols of dōTERRA' goodwill.

29.    Natural Essentials owns websites www.bulkapothecary.com and http://naturesoils.com, which sell natural ingredients and essential oils.

5

30.     Upon information and belief, Natural Essentials began offering goods in a retail store and website in approximately 2010.

31.     Natural Essentials promotes and sells essential oils using each of the dōTERRA Marks or confusingly similar marks, throughout the United States, including Utah, by promoting and advertising its essential oils on the Internet.  Among other things, Natural Essentials attempts to use the dōTERRA Marks to draw consumers to its website by repeatedly mentioning the dōTERRA Marks and the dōTERRA products (by reference to the dōTERRA Marks), multiple times in a single web page and without reference to any trademark of its own.

32.     Natural Essentials attempts to characterize its wrongful and infringement conduct as legal "comparative" advertising by claiming its products are Natural Essentials' "version" of a dōTERRA essential oil.  But in so doing, Natural Essentials uses no trademark, name or other identifier on its products and/or repeats, multiple times in the same sentence, paragraph and web page, the dōTERRA Marks.  By so doing, Natural Essentials wrongly diverts web traffic and web users that are searching for dōTERRA products to its own website.  Such use is highly misleading and falsely leads consumers to believe that its products come from the same source as dōTERRA products.  Such use also leads to initial interest confusion.

33.     Natural Essentials' use of the dōTERRA Marks or confusingly similar marks (collectively refereed to as "the Infringing Marks") to sell essential oils constitutes an infringement of dōTERRA's trademarks.  Natural Essentials' use of the dōTERRA Marks or confusingly similar marks to sell essential oils is likely to cause consumer confusion and a false association between dōTERRA's essential oils and Natural Essentials goods falsely leading consumers to believe the products emanate from the same source.

34.     dōTERRA seeks, among other things, an injunction enjoining Natural Essentials wrongful and unlawful use of the dōTERRA Marks for essential oils and seeks damages for the harm Natural Essentials has already caused.

35.     Natural Essentials' continuous willful, intentional, and unauthorized use of the dōTERRA Marks constitutes an infringement of dōTERRA' trademark rights.  Natural Essentials should not be permitted to trade off of the dōTERRA Marks, which have acquired significant goodwill and consumer recognition in the essential oil industry.  Natural Essentials' use of the dōTERRA Marks directly and unfairly competes with dōTERRA.

36.     Accordingly, Natural Essentials should be permanently enjoined from using the dōTERRA Marks, or any name confusingly similar, in connection with essential oils or related goods.  In addition, Natural Essentials is liable for damages caused by past infringements.


## COUNT I

## TRADEMARK INFRINGEMENT - VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

37.     dōTERRA realleges and incorporates by reference paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.     dōTERRA owns valid federal registrations for the dōTERRA Registered Marks. See Exhibits 1-8. dōTERRA's use of the dōTERRA Registered Marks predates any use by Natural Essentials of the Infringing Marks.

39.     Natural Essentials' use of the dōTERRA Registered Marks and/or Infringing Marks in connection with the sale, provision and/or advertising essential oils and related products is confusingly similar to dōTERRA's use of its dōTERRA Registered Marks for the same or similar goods.  Natural Essentials' use of the Infringing Marks in connection with the sale, provision and/or advertising of essential oils places these marks in the same channels of trade as the goods offered under the dōTERRA Registered Marks and is likely to continue to cause confusion, or to cause mistake, or to deceive consumers.

40.     Natural Essentials' use of the Infringing Marks on essential oils is confusingly similar to the dōTERRA Registered Marks and is likely to cause confusion as to the source of the goods.  By confusing and misleading consumers as to the origin of its goods, Natural Essentials has infringed the rights of dōTERRA.

41.     Further, Natural Essentials' use of the Infringing Marks on essential oils and on its websites diverts traffic from dōTERRA causing initial interest confusion.  By confusing and misleading consumers as to the origin of its goods, Natural Essentials has infringed the rights of dōTERRA.

42.     Section 32 of the Lanham Act, 115 U.S.C. §1114(1)(a), provides, in pertinent part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . ."

43.     Natural Essentials' use of the Infringing Marks in connection with essential oils is an infringing use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of the dōTERRA Registered Marks.  Natural Essentials' sale, offering for sale, provision or advertising of goods under the Infringing Marks, or any marks similar thereto, causes and is likely to continue to cause confusion or mistake or to deceive the public as to the goods or sponsorship of goods offered in violation of 35 U.S.C. §1114(1).

44.     As a direct and proximate result of Natural Essentials' infringement, dōTERRA has been and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

45.     Upon information and belief, Natural Essentials has acted willfully and wantonly with intent to injure dōTERRA.

46.     dōTERRA is being damaged by the wrongful actions of Natural Essentials in an amount to be established at trial, and that includes all of Natural Essentials'  profits and all of dōTERRA's damages, including its lost profits.  dōTERRA is also entitled to punitive damages in an amount not less than three times actual damages and its costs.

47.     dōTERRA is being irreparably injured by the unlawful acts of Natural Essentials. dōTERRA has no adequate remedy at law.  Therefore, dōTERRA is entitled to a preliminary and permanent injunction prohibiting Natural Essentials from further use of the Infringing Marks or dōTERRA Registered Marks or any term confusingly similar.  Further, because of Naturals Essentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Natural Essentials from any use of the dōTERRA marks, even to denote its own products as a "version" of dōTERRA's products.

9

## COUNT II

### FEDERAL UNFAIR COMPETITION—FALSE DESIGNATION OF ORIGIN
### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

48.     dōTERRA realleges and incorporates by reference paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49.     Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . . goods [or] services . . . shall be liable in a civil action . . . ."

50.     The acts of Natural Essentials in marketing, promoting, and offering essential oils on its website and the Internet and through retail outlets using the Infringing Marks constitutes:

a)      a false designation of origin;

b)      a false and misleading description of fact; and

c)      a false and misleading representation of fact

that caused and is continuing to cause and is likely to cause and continue to cause confusion and mistake and to deceive as to the affiliation of Natural Essentials' business with dōTERRA's established business, and to cause or likely to cause confusion and mistake and to deceive consumers into believing that dōTERRA sponsors or approves of the goods that Natural Essentials provides, in violation of 15 U.S.C. § 1125(a).

10

51.     Further, Natural Essentials' use of the Infringing Marks on essential oils advertised on its websites diverts traffic from dōTERRA causing initial interest confusion.  By confusing and misleading consumers as to the origin of its goods, Natural Essentials has infringed the rights of dōTERRA.

52.     As a direct and proximate result of Natural Essentials' unfair competition, Natural Essentials has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

53.     Natural Essentials' on-going acts of infringement in violation of 15 U.S.C. §1125(a) are malicious, fraudulent, willful, and deliberate.

54.     Natural Essentials' on-going acts of infringement in violation of 15 U.S.C. §1125(a) have inflicted irreparable harm on dōTERRA.  Therefore, dōTERRA is entitled to preliminary and permanent injunctive relief prohibiting Natural Essentials from further use of the dōTERRA Marks and the Infringing Marks.  Further, because of Naturals Essentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Natural Essentials from any use of the dōTERRA marks, even to denote its own products as a "version" of dōTERRA's products.

55.     dōTERRA has no adequate remedy at law because the dōTERRA Marks are unique and represent to the public dōTERRA's identity, reputation, and goodwill, such that damages alone cannot fully compensate dōTERRA for Natural Essentials' misconduct.

56.     Unless enjoined by the Court, Natural Essentials will continue to compete unfairly with dōTERRA. The resulting irreparable injury to dōTERRA's business identities, goodwill,

and reputation requires preliminary and permanent injunctive relief to prevent Natural Essentials continued unfair competition, and to ameliorate and mitigate dōTERRA's injuries.

57.    As a result of Natural Essentials' unfair competition, Natural Essentials owes damages, restitution, and disgorgement of profits, in an amount unknown at this time to dōTERRA, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Natural Essentials.

58.    This case is exceptional within the meaning of 15 U.S.C. §1117(a) and dōTERRA is entitled to recover its attorney's fees and costs.

## COUNT III

### FALSE ADVERTISING
### VIOLATION OF 15 U.S.C. § 1125(a)(1)(B)

59.    dōTERRA realleges and incorporates by reference paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60.    Natural Essentials' advertises and promotes its essential oils by utilizing the Infringing Marks as "[o]ur version of [the dōTERRA's Marks]."

61.    This statement, and those similar to it, by Natural Essentials are materially false and misleading.

62.    These statements by Natural Essentials are not comparative statements regarding its unnamed products but rather the use of the dōTERRA Marks multiple times on a product page are meant to trade off the goodwill associated with the dōTERRA Marks and to create confusion and/or mistakes among consumers.

12

63.     The statements of Natural Essentials are likely to cause confusion and/or mistake as to the origin, association or approval of Natural Essentials' goods utilizing the Infringing Marks and the dōTERRA Marks.

64.     These statements by Natural Essentials are further likely to cause confusion and/or mistake as to the characteristics of Natural Essentials' goods utilizing the Infringing Marks, including through any alleged comparison to dōTERRA's products utilizing the dōTERRA Marks.

65.     Natural Essentials' acts cannot be fully compensated by damages and dōTERRA will suffer irreparable injury if Natural Essentials' conduct is not enjoined. dōTERRA is, therefore, entitled to preliminary and permanent injunctive relief prohibiting Natural Essentials from further use of the dōTERRA Marks and the Infringing Marks.   Further, because of Naturals Essentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Natural Essentials from any use of the dōTERRA marks, even to denote its own products as a "version" of dōTERRA's products.

66.     Natural Essentials' false statements have caused injury to dōTERRA in an amount to be proven at trial.

67.     The infringing activities of Natural Essentials are willful and intentional thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV

## UNFAIR COMPETITION UNDER 15 U.S.C. 1125(a)(1)

68.     dōTERRA realleges and incorporates by reference paragraphs 1 through 67 of this Complaint, as if fully set forth herein.

69.     dōTERRA has a protectable interest in the dōTERRA Marks.

70.     The Infringing Marks used by Natural Essentials are identical or substantially identical to the dōTERRA Marks.

71.     Natural Essentials' use of the Infringing Marks in commerce is likely to cause confusion in the consuming public as to the source, origin and/or sponsorship of the goods being sold by Natural Essentials using the Infringing Marks and the dōTERRA Marks.

72.     Natural Essentials' acts cannot be fully compensated by damages and dōTERRA will suffer irreparable injury if Natural Essentials' conduct is not enjoined. dōTERRA is, therefore, entitled to preliminary and permanent injunctive relief prohibiting Natural Essentials from further use of the dōTERRA Marks and the Infringing Marks.   Further, because of Naturals Essentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Natural Essentials from any use of the dōTERRA marks, even to denote its own products as a "version" of dōTERRA's products.

73.     Natural Essentials' actions of unfair competition, as described herein, have caused injury to dōTERRA in an amount to be proven at trial.

74.     The infringing activities of Natural Essentials are willful and intentional, thereby justifying an aware of exemplary and/or punitive damages.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

75.     dōTERRA realleges and incorporates by reference paragraphs 1 through 74 of this Complaint, as if fully set forth herein.

76.     Beginning at least as early as 2009, dōTERRA has developed common law rights in the dōTERRA Marks for use with, at least, essential oils and related goods.

77.     The dōTERRA Marks are distinctive and have acquired secondary meaning.

78.     Natural Essentials' use of the Infringing Marks infringe dōTERRA's common law trademark rights under federal common law, Utah common law and constitutes acts of unfair competition.

79.     Upon information and belief, Natural Essentials has acted willfully and wantonly with intent to injure dōTERRA.

80.     dōTERRA is being damaged by the wrongful actions of Natural Essentials in an amount to be established at trial, and that includes all of Natural Essentials' profits and all of dōTERRA's lost profits.  dōTERRA is also entitled to punitive damages in an amount sufficient to punish Natural Essentials for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

81.     dōTERRA is being irreparably injured by the unlawful acts of Natural Essentials. dōTERRA has no adequate remedy at law.  Therefore, dōTERRA is entitled to an injunction prohibiting Natural Essentials from further use of the Infringing Marks or any term confusingly similar. Further, because of Naturals Essentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Natural Essentials from any use of the dōTERRA marks, even to denote its own products as a "version" of dōTERRA's products.

## COUNT VI

## UNFAIR COMPETITION

82.    dōTERRA realleges and incorporates by reference paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

83.    Natural Essentials' use of the Infringing Marks is confusingly similar to the dōTERRA Marks.

84.    Natural Essentials is improperly trading on the goodwill dōTERRA has earned with the purchasing public for essential oils by causing the public to be confused as to the sponsorship or affiliation of Natural Essentials' goods.

85.    Natural Essentials' conduct is unlawful.

86.    Upon information and belief, Natural Essentials have acted willfully and wantonly with the intent to injure dōTERRA.

87.    Natural Essentials' acts cannot be fully compensated by damages and dōTERRA will suffer irreparable injury if Natural Essentials' conduct is not enjoined. dōTERRA is, therefore, entitled to preliminary and permanent injunctive relief prohibiting Natural Essentials from further use of the dōTERRA Marks and the Infringing Marks.   Further, because of Natural Essentials' intentional and willful conduct, dōTERRA is entitled to an injunction preventing Natural Essentials from any use of the dōTERRA marks, even to denote its own products as a "version" of dōTERRA's products.

88.    dōTERRA is being damaged by Natural Essentials' wrongful actions in an amount that is not yet determined, but is not less than Natural Essentials' profits and dōTERRA's

16

lost profits.  dōTERRA is entitled to punitive damages in an amount sufficient to punish Natural

Essentials for its reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

89.     dōTERRA is entitled to recover its attorney's fees and costs pursuant to UCA 13-

5a-103.

## COUNT VII

### DECEPTIVE TRADE PRACTICES
### (Utah Consumer Sales Practices Act UCA § 13-11-1 *et seq.*)

90.     dōTERRA realleges and incorporates by reference paragraphs 1 through 89 of this

Complaint, as if fully set forth herein.

91.     Natural Essentials' use of the Infringing Marks, or confusingly similar marks, for

essential oils is confusingly similar to dōTERRA's use of the dōTERRA Marks for similar

goods.   Natural Essentials' use of the Infringing Marks, or confusingly similar marks, in

connection with the sale, advertising and promotion of essential oils, occurs in the same or

similar channels of trade as the goods offered under the dōTERRA Marks.

92.     By using the Infringing Marks, Natural Essentials' has passed off its goods as

those of dōTERRA.

93.     Natural Essentials is improperly trading on the goodwill dōTERRA has earned

with the purchasing public for essential oils by causing the public to be confused as to the

sponsorship or affiliation of Natural Essentials' goods.

94.      Natural Essentials' conduct constitutes unfair methods of competition and unfair

or deceptive acts or practices as defined in Utah Code §13-11-4.

17

95.     dōTERRA has been damaged by Natural Essentials in an amount to be established at trial which amount is no less than Natural Essentials' profits and dōTERRA's lost profits. dōTERRA is also entitled to punitive damages in an amount sufficient to punish Natural Essentials' for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

96.     dōTERRA is entitled to injunctive relief and to recover its attorney fees and costs.

## COUNT VIII

## UNJUST ENRICHMENT

97.     dōTERRA realleges and incorporates by reference paragraphs 1 through 96 of this Complaint, as if fully set forth herein.

98.     Natural Essentials has benefited from the improper, unfair and unauthorized use of dōTERRA's exclusive trademark rights and goodwill thereto.

99.     Natural Essentials has knowledge and appreciates the benefits it has received from dōTERRA as a result of such actions.

100.    Natural Essentials would be unjustly enriched if it were permitted to retain the proceeds from such actions.

101.    Equity and conscience require that Natural Essentials be required to account for and turn over to dōTERRA an amount equal to the value of the benefits conferred upon it.

## PRAYER FOR RELIEF

**WHEREFORE,** dōTERRA respectfully prays for the following relief against Natural Essentials:

The entry of a preliminary and permanent injunction enjoining Natural Essentials, its officers, directors, shareholders, agents, servants, employees, and those persons or entities in active concert or participation with them:

1.      From infringing any of dōTERRA's rights in the dōTERRA Marks;

2.      From using the dōTERRA Marks or any trademark, service mark, logo or trade name, that is confusingly similar for essential oils and related goods, and including in connection with Google or any other Internet search engine;

3.      Requiring Natural Essentials to promptly eliminate any and all false advertising using the dōTERRA Marks or any other confusingly similar designations, including in connection with the above-referenced goods, from all service advertising, the Internet, search engines, web sites, all media, including, but not limited to, newspapers, flyers, coupons, promotions, indoor and outdoor signs, telephone books, telephone directory assistance listings, and mass mailings, all at Natural Essentials' cost;

4.      From passing off any of the products or services they offer, as those of dōTERRA's;

5.      From falsely advertising in any manner that causes confusion as to the origin, source or approval of the goods utilizing the Infringing Marks and from making a false representation as to affiliation, connection association

with, or certification by another, of the goods utilizing the dōTERRA Marks.

6.   Requiring Natural Essentials refrain from unfair competition either under federal law or §13-5a-103.

7.   From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses, products or services that offer by using identical or similar marks.

8.   Requiring Natural Essentials to file with the Court and to serve upon dōTERRA's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order; and

B.   Entry of an Order:

1.   Awarding to dōTERRA all damages caused by Natural Essentials;

2.   Requiring Natural Essentials to provide an accounting of all revenues and profits gained while engaging in acts complained of in this Complaint;

3.   Awarding dōTERRA all of Natural Essentials' profits derived from its use of the Infringing Marks in the course of business;

4.   Awarding dōTERRA costs and expenses, including reasonable attorneys' fees, incurred by dōTERRA in connection with this action as provided for by statute or by law including, but not limited to 15 U.S.C. §1117 and Utah Code Annotated §13-11A-4(2)(c);

5.      Awarding dōTERRA treble damages in accordance with 35 of the Lanham

        Act (15 U.S.C. §1117) on any claim asserted under 43(a) of the Lanham

        Act;

6.      Awarding dōTERRA damages to which it is entitled based upon Natural

        Essentials' unjust enrichment, both under federal law and state law as

        claimed herein;

7.      Awarding dōTERRA prejudgment interest at a rate established under 26

        U.S.C. §6621(a)(2) from the date of service of this Complaint through the

        date of judgment; and,

9.      Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, dōTERRA hereby demands

a trial by jury in this action for all issues that are triable to a jury.


DATED this 6th  day of December, 2016.

                                        /s/ H. Dickson Burton
                                        H. Dickson Burton
                                        Krista Weber Powell
                                        TRASKBRITT, PC
                                        230 South 500 East, Suite 300
                                        P.O. Box 2550
                                        Salt Lake City, UT  84110
                                        Telephone:  (801) 532-1922

                                        Attorneys for dōTERRA Holdings, LLC

Plaintiff's Address:
389 South 1300 West
Pleasant Grove, UT 84062

21

## EXHIBITS TO COMPLAINT

Exhibit 1:      U.S.  Trademark Registration 3,641,123

Exhibit 2:      U.S.  Trademark Registration 3,806,204

Exhibit 3:      U.S.  Trademark Registration 3,802,079

Exhibit 4:      U.S.  Trademark Registration 3,617,243

Exhibit 5:      U.S.  Trademark Registration 4,864,382

Exhibit 6:      U.S.  Trademark Registration 4,760,280

Exhibit 7:      U.S.  Trademark Registration 4,887,868

Exhibit 8:      U.S.  Trademark Registration 4,000,245